DONALD L. WHITEHEAD, PROSECUTOR, v. BOARD OF PUBLIC UTILITY COMMISSIONERS OF NEW JERSEY, RESPONDENT.

Argued January 22, 1930—Decided August 2, 1930.

Before Justices TRENCHARD, LLOYD and CASE.

For the prosecutor, *Blanchard & Carey.*

For the respondent, *John O. Bigelow.*

The opinion of the court was delivered by

LLOYD, J. The prosecutor holds a license from the Ocean Grove Camp Meeting Association to operate an auto bus within the territorial limits of that association. On its own initiative the authority of the license thus granted was challenged by the board of public utility commissioners and it is stipulated on the record that on the 16th day of October, 1929, that body entered an order that the operation of the bus without the consent of the township of Neptune (in which Ocean Grove is located) was unlawful, and directed the prosecutor to discontinue the operation of the bus until the consent of Neptune township should be obtained and approved by the board. The *certiorari* issued in the case is to test the legality of this order.

The validity of the order depends, as we think, on the proper construction of chapter 144, laws 1926, it being contended by the prosecutor that it was not the legislative purpose that the act should apply to Ocean Grove. The statute in question purports to be a general act covering the operation of automobile buses within the state, although in form an

amendment entitled "An act concerning auto buses, commonly called jitneys, and their operation in cities," chapter 136 of the laws of 1916. The first section of the act of 1926 amends the title of the act of 1916 to read: "An act concerning auto buses and their operation." The words "auto bus" are defined to mean (so far as affects the question here involved) "any auto or motor bus carrying passengers for hire which is held out, announced or advertised to operate or run or which is operated or run over any of the streets or public places in any municipality of this state." The word municipality is defined to mean and include any city, town, township, village, borough and any municipality governed by a board of governors or improvement commission.

The prosecutor relies upon the provisions of sundry statutes of the state including the act incorporating the Ocean Grove Camp Meeting Association under which that body is given some powers usually conferred upon municipal corporations, among which is the power to license hacks, cars, omnibuses and other vehicles, and hence contends that it was no part of the legislative purpose to modify the method of licensing auto buses within the territory of Ocean Grove.

We think the contention is unsound. It is to be gathered from the act of 1926 that the legislature intended a comprehensive scheme whereby the transportation of passengers by auto buses should be brought under state control, and as part of this scheme it was required that all auto bus owners should obtain a double consent before starting operation; first, the local consent of the municipality within which the vehicle is proposed to be operated, and second, that this consent should have the approval of the state board. In the present instance the prosecutor proposed to operate within the territory of Neptune township, though limited to the confines of the territory of the Ocean Grove Camp Meeting Association.

The reasons operating for the enactment of such comprehensive licensing power are not hard to discover. It was legislation under the police power intended for the protection of the inhabitants of the state and others using the public

highways. Auto buses coming under the act are required to furnish an insurance policy conditioned for the payment of damages for injuries or death; to furnish a monthly statement of receipts and is subjected to a franchise tax thereon. No good reason exists why these salutary protective measures should not be as applicable to auto buses operating within the camp meeting association territory as in the territory of any other section of the state. It is common knowledge that in the camp meeting association territory large masses of people from within and without the state are congregating especially during certain periods of the year. The measures provided for the protection of the public are as essential in such places as elsewhere.

Coming back to the act of 1926, as already stated, it purports to be an amendment of the act of 1916 which was an act entitled "An act concerning auto buses commonly called jitneys and their operation in cities." By the enactment of 1926 the limitation to cities is eliminated and the act was, as we think, intended to be made general throughout the state and operative over all its territory, not excluding that of the two or three camp meeting associations existing in the state. The boundaries of the association under its powers of purchase and sale of real estate are, unlike the ordinary municipality, liable to be enlarged or diminished at will, and such fluctuating status was certainly not intended to be the basis of an exception under the act. Finding a comprehensive legislative purpose to exist, we conclude that the Ocean Grove Camp Meeting Association was not regarded by the legislature as a municipality having power to license auto buses under the act of 1926 or to longer issue licenses under its previous powers, but that auto bus operators in the township of Neptune, whether within or without the territorial limits of Ocean Grove, must obtain the consent of the proper board or body of that township.

The order of the board of public utility commissioners is affirmed.